STORCK *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* May 4, 1891.)

RAILROADS IN STREETS—COMPENSATION—BENEFITS.

In an action for damages to plaintiff's premises by an elevated railroad, the defendants alleged special benefits to said premises conferred by the railroad from the fact of its station being erected at the plaintiff's corner; but said allegation was sustained only by the opinions of a witness, while the plaintiff testified positively to the fact that his trade was not thereby appreciably increased. *Held,* that the court properly refused a request to find a benefit to said premises from the vicinity of said station.

Appeal from special term.

Action by Frederick Storck against the Metropolitan Elevated Railway Company and another. Defendants appeal from a judgment entered upon findings and conclusions at special term.

Argued before SEDGWICK, C. J., and DUGRO, J.

*Julien T. Davies* and *Brainard Tolles,* for appellants.  *Charles Gibson Bennett,* for respondent.

PER CURIAM.  The action was to enjoin the defendants from running their elevated railroad in front of plaintiff's premises and for damages. The learned counsel for appellants argues that the court below erroneously refused to find certain matters, as requested by the defendant, that concern, as is maintained, special and peculiar benefits conferred on plaintiff's premises by the railroad. The evidence on the subject was not so undoubted or so strongly in favor of the defendants as to require finding for the defendants. The supposed special and peculiar benefit arises, mainly, as is supposed, from the relation of the station at the corner to the plaintiff's house. The state of the evidence on this point is illustrated by the following parts of the testimony given: A witness for defendants said: "There is a special value given to the property situated at the station. I believe the corners are benefited at least 25 per cent. from the fact of the station being there." A just criticism of this testimony would be that at least the witness confounded an increase of value from general causes with an increase caused specifically by the station. But this evidence was opposed by the plaintiff himself using the property, who testified: "A good many people come and go from the station near by me there. Very few people going to the station in the morning or leaving in the evening leave me orders for bread. That has not much to do with my business. They pass without looking at my business." On evidence of this kind, the court was not incorrect in refusing to find as requested. The effect of the defendants' road was not to make the two avenues and streets connected with it thoroughfares. They were or would have become thoroughfares irrespective of the railroad. There was nothing in the evidence which required the judge to find that the general rise in value of real estate in the Second avenue was attributable largely to the operation of defendants' railroad, or that the population in the neighborhood was increased greatly by that operation. The measure of damages was the decrease of rental value. Most of the requests alluded to concerned matters of evidence relevant to the issue, but did not call for any determination of the issue. Judgment affirmed, with costs.